**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BRAD BERTING,

                Plaintiff,

vs.                               Case No.  3:05-cv-648-J-20MMH

JO ANNE B. BARNHART,
Commissioner of Social Security,

                Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

      This cause is before the Court <u>sua sponte</u>.  For the reasons set forth below, the undersigned recommends that this case be dismissed for failure to prosecute.

      On July 13, 2005, Plaintiff filed his Complaint seeking review of the final decision of the Commissioner of Social Security (Commissioner) denying his application for Supplemental Security Income under the Social Security Act.  <u>See</u> Complaint (Doc. No. 1; Complaint).  At the time the Complaint was filed, Plaintiff sought permission to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a)(1).  <u>See</u> Affidavit of Indigency (Doc. No. 2; Affidavit).  Upon review of Plaintiff's Affidavit, this Court entered an Order directing Plaintiff to provide the Court with additional information regarding his financial condition by August 11, 2005.  <u>See</u> Order (Doc. No. 5) at 2.  Plaintiff was cautioned that failure to file the

---

[1]    Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document.  Failure to file timely objections shall bar the party from a <u>de novo</u> determination by a district judge and from attacking factual findings on appeal.

additional information requested "may result in a recommendation that the request to proceed in forma pauperis be denied." Id.  When Plaintiff failed to respond to this Order, the Court entered an Order to Show Cause on August 17, 2005.  See Order to Show Cause (Doc. No. 6).  Pursuant to that Order, Plaintiff had until August 31, 2005 to show cause why his request to proceed in forma pauperis should not be denied.  See id. at 2.  However, Plaintiff failed to comply with the Court's Order or to respond to the Order to Show Cause. Therefore, the undersigned entered a Report and Recommendation recommending that the action be dismissed for failure to prosecute.  See Report and Recommendation (Doc. No. 7).  Shortly after the Report and Recommendation was entered, Plaintiff, without responding to the Order to Show Cause, paid the necessary filing fee rendering his request to proceed in forma pauperis moot.  See Order (Doc. No. 8).

Once the filing fee was paid and Defendant answered the Complaint, this Court entered a Scheduling Order directing Plaintiff to file his memorandum in support of his position on or before December 30, 2005.  See Scheduling Order (Doc. No. 10) at 1.  When Plaintiff failed to file his memorandum of law in accordance with the Court's Order, the undersigned entered yet another Order to Show Cause directing Plaintiff to file his memorandum of law by January 23, 2006 and to show cause by that same date why sanctions should not be imposed, including dismissal for lack of prosecution.  See Order to Show Cause (Doc. No. 12) at 1-2.  As of this date, Plaintiff has neither filed his memorandum nor has he responded to the Order to Show Cause.

## RECOMMENDATION

Accordingly, it is recommended that this action be **DISMISSED** without prejudice pursuant to Local Rule 3.10(a), United States District Court, Middle District of Florida, for want of prosecution.[2]

**ENTERED** at Jacksonville, Florida, on January 26, 2006.



**MARCIA MORALES HOWARD**
United States Magistrate Judge

ja

Copies to:

The Honorable Harvey E. Schlesinger
United States District Judge

Counsel of Record

---

[2]    Should the district judge determine that dismissal is not warranted under these circumstances, the undersigned recommends the imposition of sanctions in light of Plaintiff's repeated failure to respond to orders to show cause and willful disregard of Court orders.